People v Ashby (2019 NY Slip Op 07112)





People v Ashby


2019 NY Slip Op 07112


Decided on October 03, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 03, 2019

109482

[*1]The People of the State of New York, Respondent,
v
Richard A. Ashby Jr., Appellant.

Calendar Date: September 12, 2019

Before: Garry, P.J., Clark, Mulvey and Pritzker, JJ.


Tracy E. Steeves, Kingston, for appellant.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Mulvey, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered December 7, 2016, convicting defendant upon his plea of guilty of the crime of attempted sexual abuse in the first degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with attempted sexual abuse in the first degree. In satisfaction thereof, as well as an outstanding probation violation, he pleaded guilty to this crime and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced to four years in prison, followed by 10 years of postrelease supervision. Defendant appeals.
Initially, defendant's challenge to the severity of the sentence is precluded by his uncontested waiver of the right to appeal (see People v Mones, 168 AD3d 1288, 1289 [2019]; People v Ballard, 167 AD3d 1082, 1083 [2018]). Moreover, although defendant's claim that his guilty plea was not knowing, voluntary or intelligent is not foreclosed by his appeal waiver, it has not been preserved for our review as the record does not disclose that defendant made an appropriate postallocution motion (see People v Weis, 171 AD3d 1403, 1404 [2019]; People v Vanalst, 171 AD3d 1349, 1350 [2019], lv denied 33 NY3d 1109 [2019]). Furthermore, the narrow exception to the preservation rule is inapplicable (see People v Weis, 171 AD3d at 1404; People v Vanalst, 171 AD3d at 1350).
Garry, P.J., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.